**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4980**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JARRKU NATU BENNETT,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:11-cr-00008-BR-1)

———————

Submitted:  June 19, 2012        Decided:  September 24, 2012

———————

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Jarrku Natu Bennett pled guilty to a single count of distribution of a quantity of crack cocaine, violating 21 U.S.C. § 841(a)(1) (2006), and was sentenced to thirty-three months' imprisonment. Counsel for Bennett has now submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has divined no meritorious grounds for appeal but inquiring whether Bennett was deprived of effective assistance of counsel at his sentencing and whether the court erred in denying Bennett a downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1. The Government has moved to dismiss the appeal of Bennett's sentence based on his waiver of appellate rights. Despite receiving notice of his right to file a pro se supplemental brief, Bennett has declined to do so. We have reviewed the record, and we dismiss in part and affirm in part.

A criminal defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope of that waiver. United States v. Blick, 408 F.3d 162, 168 (4th

Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. Manigan, 592 F.3d at 627; United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Our review of the record convinces us that Bennett knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss as to all sentencing issues.

To the extent that Bennett claims that he was deprived of effective assistance of counsel, our review of the record convinces us that it does not conclusively show that Bennett's counsel was unconstitutionally ineffective. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (noting ineffective assistance claims may be addressed on direct appeal "only if the lawyer's ineffectiveness conclusively appears from the record"). Thus, in order to allow for the adequate development of the record, Bennett's claim would be properly brought in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion rather than on direct appeal.

As to any remaining issues, we have reviewed the entire record in accordance with Anders and have found no non-waivable meritorious issues. We therefore affirm the district

3

court's judgment as to all issues not encompassed by Bennett's valid waiver of appellate rights.

This court requires that counsel inform Bennett, in writing, of the right to petition the Supreme Court of the United States for further review. If Bennett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bennett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART